Ronald Lee Rhodes   #34538
_____
Name
LCF P.O. Box 2
_____

Lansing, Kansas   66043-0002
_____
Address

FILED

NOV 1 2 2008

Clerk U.S. District Court
By:_____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RONALD LEE RHODES
_____, Plaintiff
(Full Name)

v.

PAUL FELICIANO, ROBERT Defendant (s)
SANDERS, PATRICIA BIGGS, ROGER
WERHOLTZ.

CASE NO. 08-3282-SAC

(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1)   Ronald Lee Rhodes_____, is a citizen of   Kansas_____
     (Plaintiff)                                    (State)
     who presently resides at   LCF P.O. Box 2,_____
                                              (Mailing address or place

     Lansing, Kansas   66043-0002_____   .
     of confinement)

2)   Defendant   Paul Feliciano_____   is a citizen of
                 (Name of first defendant)

     Topeka, Kansas_____, and is employed as
           (City, State)

     Chairman of Kansas Parole Board.   At the time the claim(s)
     (Position and title, if any)

     alleged in this complaint arose, was this defendant acting under the color of

     state law?   Yes [XX]   No [ ]   If your answer is "Yes", briefly explain:

     By virtue of appointment from the Governor, defendant is

     employed as the Chairman of the Kansas Parole Board

3)   Defendant   Robert Sanders _____ is a citizen of
                    *(Name of second defendant)*
     Topeka, Kansas _____ , and is employed as
                *(city, state)*
     Member of the Kansas Parole Board At the time the claim(s)
                *(Position and title, if any)*
     alleged in this complaint arose was this defendant acting under the color of state
     law?   Yes [XX]  No [  ] . If your answer is "Yes", briefly explain:
      By virtue of appointment from the Governor, defendant
     is a member of the Kansas Parole Board

     (Use the back of this page to furnish the above information for additional
     defendants.)        SEE ADDITIONAL PAGE                    51343(3); 42

4)   Jurisdiction is invoked pursuant to 28 U.S.C. U.S.C. §1343(3); 42 U.S.C. §1983. (If
     you wish to assert jurisdiction under different or additional statutes, you may list
     them below.)

       42 U.S.C. §1985(3)  Reserve the right to amend.


## B. NATURE OF THE CASE

1)   Briefly state the background of your case.
     This action is filed against the members of the Kansas
     Parole Board because their actions against plaintiff are
     alleged to be retaliatory, in conspiracy to retaliate against
     plaintiff, arbitrary and capricious decision-making to
     deny parole, alleging that defendants have failed to apply
     the proper statutory factors to based it's recommendations
     for parole suitability.
     This action is also filed against Secretary of Corrections and
     his agents for failing to provide the statutory requirements
     provided by K.S.A. 75-5201 and K.S.A. 75-5210 to rehabilitate
     plaintiff and assist him with his re-entry back into society.
     This action is filed against the named defendants because they
     have acted in retaliation and with invidious discrimination
     to deny me parole consistently outside their statutory authority.
     Since 1996 plaintiff have consistently been denied parole after
     meeting and completing the Kansas Parole Board's recommendations,
     outside of what is statutorily required, pursuant to K.S.A.
     22-3717 et seq.,

-2-

3.     Defendant Patricia Biggs is a citizen of Topeka, Kansas, and
       is employed as Member of the Kansas Parole Board at the time
       the claim(s) alleged in this complaint arose was this defendant
       acting under color of state law?   Yes
       By virtue of appointment from the Governor, defendant is a mem-
       ber of the Kansas Parole Board.

4.     Defendant Roger Werholtz is a citizen of Topeka, Kansas, and is
       employed as Secretary of Corrections at the time the claim(s) al-
       leged in this complaint arose was this defedant acting under color
       of state law?   Yes
       By virtue of state law defendant is appointed as the Secretary of
       Corrections.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: Plaintiff alleges that the recommendations and reasons stated to deny parole for another three (3) years is in retaliation against him, in violation of the 1st and 14th Amendments to the U.S. Constitution.

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.) Plaintiff filed a civil action pursuant to 42 U.S.C. §1983, against I.F.I., Secretary of Corrections and his agents and Paul Feliciano Chairman of the KPB. Plaintiff states and alleges that the KPB recommendations and reasons denying parole were in retaliation for naming Paul Feliciano as a defendant in a pending civil action. It is also stated that the recommendations specifically one recommendation in the history of the parole system in Kansas has only been made to plaintiff. Plaintiff states that there has been a pattern of retaliation against plaintiff because of his legal activities since his first appearance in 1996.

Plaintiff alleges that the defendants conspired to retaliate against him and invidiously discriminate against because of the pending lawsuit against Paul Feliciano, Case No. 07-03228-CM.

B)(1) Count II: Plaintiff alleges that the non-statutory recommendations given to plaintiff to determine parole suitability are arbitrary and capricious and violates his 14th amendment right of due process.

(2) Supporting Facts: Plaintiff states that the defedants (KPB) has twelve (12) statutory factors which they must consider to determine if an inmate is suitable for parole. Plaintiff has been required to repeatedly meet non statutory recommendations to get favorable parole considerations since 1996. More recent is the recommendation that I **"develop a smoking cessation plan and follow it" and "earn further reduced custody".** Plaintiff is the only inmate in captivity who is required to be a non smoker to be considered suitable for parole. Secondly, plaintiff has presented to the KPB official documentation from the Secretary of Corrections showing that he will never approve further reduced custody for plaintiff. Plaintiff is required to meet recommendations which are not part of the statutory factors considered by the KPB.

-3-

C) (1) Count III: Plaintiff alleges deliberate indifference and invidious discrimination practiced by the named defendants against plaintiff because of his legal activities, in violation of his 1st and 14th amendments and that such violations have been continuing and are continuing.

(2)    Supporting Facts:

Plaintiff states in support of this claim that the named defendants by statute was required to assist plaintiff with his rehabilitation and re-entry into society as prompt as practical, pursuant to K.S.A 75-5201 and K.S.A. 75-5210.  Defendants have failed their duty to plaintiff and such failure has been in deliberate indifference to plaintiff and have been invidiously discriminatory to plaintiff. Plaintiff have been constantly required to meet recommendations for which are not nor have been statutorily required in order to become parole suitable.  Defendants have failed to certify that plaintiff has met and completed all assessed needs set out by the S.O.C..

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒. If your answer is "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a)    Parties to previous lawsuit:

Plaintiffs: _____ N/A _____

Defendants: _____ N/A _____

b)    Name of court and docket number _____ N/A _____

c)    Disposition (for example: Was the case dismissed?  Was it appealed? Is it still pending?) _____ N/A _____

d)    Issues raised _____

-4-

CAUSE OF ACTION CONTINUED

C) (1)

Specifically, defendants have recommended that plaintiff meet a
recommendation  which is not a program offered by the KDOC and is
not statutorily required for parole suitability.  Defendants are
requiring plaintiff to obtain a certain custody level which KDOC
is not required by statute to give plaintiff and have invidiously
discriminating against plaintiff each time he has requested a re-
duced custody in order to meet this non statutory recommendation of
the defendant KPB.

D) (1)
      Plaintiff alleges that defendants failure to apply the
statute which was in effect in 1981 violates his 14th amendment
due porcess.

2) Plaintiff states that he was convicted of First Degree Murder in
1981 and since he was convicted the parole statute and require-
ments have become more rigorous than was required in 1981.  In 1981
the defendants KPB was not allowed to operate and make decisions
regarding parole outside the statutory construction of K.S.A. 22-
3717.
Plaintiff states that application for parole must be applied by
the statute which were in effect at the time he committed his crime.

E) (1)
      Plaintiff alleges that defendants usage of the same "boiler-
plate" reasons to deny parole after plaintiff has met their numer-
ous recommendations are arbitrary and capricious and violates his
14th amendment of due process.

2) Plaintiff states that he became parole eligible in 1996 and have saw
the defendant parole board seven times and each time the defendants
have required that plaintiff meet certain recommendations but have
used the same "boilerplate" reasons which will never change.
Plaintiff states that it is arbitrary and capricious for him to be
required to meet recommendations in most intances which are not
statutorily required only to be denied parole for reasons such as
"serious nature of crime", "criminal history", "3 times in prison"
"violent nature of crime" reasons which will never change or be
lessened in degree, in the event plaintiff appeared before the KPB
seven more times and served another 30 years.

e)   Approximate date of filing lawsuit_____N/A_____

f)   Approximate date of disposition_____N/A_____

2) I have previously sought informal or formal relief from the appropriate
administrative officials regarding the acts complained of in Part C.☒Yes☐  No
If your answer is "Yes", briefly describe how relief was sought and the results.  If your
answer is "No", briefly explain why administrative relief was not sought.

Under the present regulations there is no procedure in
place to challenge the Kansas Parole Board's decision
formally or informally at this level, unless an inmate
can present "newly discovered" evidence.
Plaintiff however, have attempted to informally resolve this
matter before litigating this matter.


### E.  REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

A.   Plaintiff is entitled to Injunctive relief to enjoin
the named defendants from continuing to conduct bias
and invidiously discriminatory hearings against plaintiff.

B.   Plaintiff seek Injunctive relief to enjoin defendants
using "boiler plate " language to deny parole after
requiring plaintiff meet recommendations appearing
to be considered for parole suitability.

C.   Plaintiff seek Injunctive relief to enjoin defendants
from applying the new more rigorous standards for parole
and apply the standards and rules which were effective
to plaintiff when he was convicted in 1981.

_____          _Ronald Lee Rhodes_
Signature of Attorney (if any)                        Signature of Petitioner

_____
_____
(Attorney's full address and telephone number)

-5-

Continued Page 5
E.   REQUEST FOR RELIEF

D.   Plaintiff seek Injunctive relief to enjoin defendants from
     failing to perform their duty as prescribed by K.S.A. 75-
     5201 and K.S.A. 75-5210.

E.   Plaintiff seek damages in the amount not to exceed Ten-Thousand
     dollars ($10,000.00) from each named defendant invidually
     for their acts against him in retaliation for his legal activi-
     ties and their acts against him to invidiously discriminate
     against him for his legal activities.

F.   Plaintiff seek damages in the amount not to exceed Ten-Thousand
     dollars ($10,000.00) from each named defendant who acted
     as an individual in concert to conspire to retaliate against
     plaintiff for his legal activities and each defendant who
     acted as an individual in concert to invidiously discriminate
     against plaintiff for his legal activities.


                              _____
                              Signature of Petitioner

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. § 1746.  18 U.S.C. § 1621.

Executed at <u>Lansing Correct. Facility</u> on <u>November 3</u>, 20<u>08</u>.
                  *(Location)*                  *(Date)*

*(Signature)*

-6-