IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD D. RHODES,

                Plaintiff,

     v.                              CASE NO. 08-3282-SAC

PAUL FELICIANO, et al.,

                Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 filed by a prisoner in state custody.

Plaintiff sues the Kansas Secretary of Corrections and the members of the Kansas Parole Board (KPB) claiming his constitutional rights were violated in the KPB action passing his parole application to a three-year reconsideration. He specifically alleges he was denied parole based upon a retaliatory animus, that parole was denied in an arbitrary and capricious manner, that the KPB erred in failing to apply the statutes in effect at the time of his crime, that its use of boilerplate language is arbitrary and capricious, and that the Secretary of Corrections has failed to establish adequate rehabilitative programs.

The court's review of the complaint suggests the claims against the KPB are premature. Under United States Supreme Court case law, if a judgment for damages in an action under § 1983 necessarily would imply the invalidity of the plaintiff's criminal conviction, sentence or detention, the § 1983 action does not accrue until the

"conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *see also Wilkinson v. Dotson*, 544 U .S. 74, 81-82 (2005)("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ...—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). The *Heck* rationale also bars an action challenging "the fact or duration of parole or probation." *Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir.1996).

Here, plaintiff's claims arise from proceedings related to parole, and relief in this action would necessarily undermine the decision denying parole. Accordingly, unless plaintiff can show he obtained relief from that decision, this action under § 1983 is premature and is subject to dismissal without prejudice.

Next, to the extent plaintiff's complaint may allege a constitutional claim against the Secretary of Corrections based upon inadequate rehabilitative programs, he does not state a claim for relief. A prisoner has no protected liberty interest in prison vocational, educational, or rehabilitative programs. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (The Due Process Clause is not implicated by a prisoner's classification and eligibility for rehabilitative programs even where the prisoner suffers a "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429

(6th Cir. 2003)(a prisoner has no constitutional right to rehabilitation, education, or employment); *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1989)(a prisoner has no protected property or liberty interest in rehabilitation programs). Accordingly, plaintiff's claim against the Secretary of Corrections is subject to summary dismissal.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including March 21, 2012, to show cause why this matter should not be dismissed without prejudice. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

DATED: This 21st day of February, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge